UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rick Lee Garwood, | Case No. 24-cv-800 (KMM/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Minnesota State Patrol; Nick Otterson, Official-Personal Capacity; Morrison County; and State of Minnesota, | |
| Defendants. | |

This matter is before the Court under a general assignment made in accordance with 28 U.S.C. § 636, and on Plaintiff Rick Lee Garwood's Amended Complaint, [Docket No. 4], and his Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). [Docket No. 2].

For the following reasons, the Court recommends the present action be **DISMISSED**, and Plaintiff's IFP Application, [Docket No. 2], be **DENIED as moot**.

Plaintiff, Rick Lee Garwood, was arrested on New Year's Eve of 2017, following a traffic stop in which Plaintiff was found by defendant, Nick Otterson, a Minnesota State Trooper, to be in possession of a controlled substance. See State of Minnesota v. Garwood, No. 49-cr-18-21 Order [Docket No. 23] (Minn. Dist. Ct. April 4, 2018). Plaintiff was brought to the Morrison County Jail following the traffic stop, and two days later, he was charged with a second-degree drug offense in Minnesota state court. Id. Plaintiff insisted during the criminal case that Trooper Otterson had improperly expanded the scope of the traffic stop in order to allow a drug-detecting dog to arrive on the scene and the use of the K-9 led to the discovery of drugs and his ultimate arrest. See Id. The judge presiding over the state court criminal case agreed, granting Plaintiff's

motion to suppress evidence arising out of the traffic stop, and consequently, the case against Plaintiff was dismissed for lack of probable cause. See Id.

Plaintiff now brings this action against Trooper Otterson, Morrison County, the Minnesota State Patrol, and the State of Minnesota for alleged violations of his federal constitutional rights.[1] Because Plaintiff is a prisoner and is seeking relief from governmental entities and employees, his Amended Complaint is subject to preservice review under 28 U.S.C. § 1915A.

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

---

[1] Plaintiff's Amended Complaint, [Docket No. 12], became the operative pleading in this matter upon the filing of that document. See Fed. R. Civ. P. 15(a)(1).

Substantial portions of Plaintiff's short Amended Complaint are frivolous. For example, Plaintiff suggests that the government brought criminal charges only against RICK LEE GARWOOD, a corporate entity, yet improperly detained the "living blood-flowing" version of Plaintiff. These "sovereign citizen" assertions are patently frivolous.[2] Nevertheless, within the Plaintiff's pleading is an aspect that requires further discussion. Another court has already determined that Trooper Otterson conducted an unlawful search of Plaintiff, and that the State lacked probable cause to prosecute Plaintiff on the drug charges that resulted from the search. Interpreting the amended complaint broadly in Plaintiff's favor, this Court views Plaintiff as raising three claims of constitutional violations for which he seeks relief under 42 U.S.C. § 1983. First, Plaintiff alleges that he was unlawfully searched by Trooper Otterson; second, Plaintiff alleges that he was unlawfully detained, initially by Otterson and later by officers of the Morrison County Jail; and third, Plaintiff alleges that he was unlawfully prosecuted for the drug offense that was later dismissed for lack of probable cause.

There are several problems, however, with these claims. No single problem is dispositive of the entirety of the Amended Complaint, but the cumulative effect of the problems is that no single claim against any specific defendant is viable.

---

[2] See, e.g., United States v. Watson, 1 F.3d 733, 734 (8th Cir. 1993); United States v. Kruger, 823 F.2d 587, 587–88 (8th Cir. 1991); United States v. Schmitt, 784 F.2d 880, 882 (8th Cir. 1986); United States v. Sileven, 985 F.2d 962, 970 (8th Cir. 1993); United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993); United States v. Garcia, No. 17-1012, 2017 WL 1521786, at *1 (8th Cir. Apr. 28, 2017); Fuller v. Madson, No. 23-cv-3467 (JWB/LIB), 2023 WL 9375355, at *5 (D. Minn. Dec. 13, 2023), report and recommendation adopted, 2024 WL 249681 (D. Minn. Jan. 23, 2024); Schwagerl v. Fed. Nat. Mortg. Ass'n, No. 11-cv-3578 (DWF/JJK), 2012 WL 2060636, at *4 (D. Minn. Apr. 11, 2012), report and recommendation adopted, 2012 WL 2054988 (D. Minn. June 7, 2012); United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011); United States v. Jonassen, 759 F.3d 653, 657 n.2 (7th Cir. 2014) (quoting United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990)); United States v. James, 328 F.3d 953, 954 (7th Cir. 2003) ("Laws of the United States apply to all person within its borders."); United States v. Beale, No. 10-cv-4933 (ADM), 2011 WL 1302907, at *4 (D. Minn. Apr. 6, 2011); United States v. Alexio, No. 13-cv-1017 (JMS), 2015 WL 4069160, at *4 (D. Haw. July 2, 2015); Santiago v. Century 21/PHH Mortg., No. 1:12-cv-2792 (KOB), 2013 WL 1281776, at *5 (N.D. Ala. Mar. 27, 2013); Paul v. New York, No. 13-cv-5047 (SJF/AKT), 2013 WL 5973138, at *3 (E.D.N.Y. Nov. 5, 2013); Rice v. Maryland, No. 9-cv-1947 (RWT), 2010 WL 2773575, at *3 n.2 (D. Md. July 13, 2010) (citing United States v. Jenkins, 311 F. App'x 655, 656 (4th Cir. 2009)).

First, two of the four defendants named in the amended complaint—the State of Minnesota and the Minnesota State Patrol—simply cannot be sued under § 1983. To state a claim under 42 § 1983, "a plaintiff must allege a violation of a constitutional right committed by a person acting under color of state law," Andrews v. City of West Branch, 454 F.3d 914, 918 (8th Cir. 2006), and a state is not a "person" for the purposes of § 1983, see Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). For the same reason, agencies and instrumentalities of the state, such as the Minnesota State Patrol, also cannot be sued under § 1983. See, e.g., Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1997).

Second, two of Plaintiff's three claims are untimely. "In Minnesota, § 1983 claims are governed by the six-year limitations period of Minnesota's personal-injury statute." Egerdahl v. Hibbing Community College, 72 F.3d 615, 618 n.3 (8th Cir. 1995). Plaintiff's unreasonable-search claim is plainly too late. The allegedly unlawful search took place on December 31, 2017. Plaintiff did not initiate this action until March 2024. (See Compl. [Docket No. 1] at 2) (showing that the original complaint was not signed by Plaintiff until March 4, 2024). More than six years elapsed from the time of the underlying vehicle search to the filing of this action. Accordingly, the unreasonable-search claim is barred by the statute of limitations.

Plaintiff's false-imprisonment claim is also time barred. To be sure, Plaintiff was detained at the Morrison County Jail until April 6, 2018, (see Amended Compl.[Docket No. 4] at 1), and some of this period of detention falls within the six-year limitations window. But a core requirement of a claim of false imprisonment is detention without legal process. See Wallace v. Kato, 549 U.S. 384, 389 (2007). "Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges."

4

Id. The claim of false imprisonment accrues to the litigant on the date that the claimant becomes held pursuant to legal process, not on the date that the claimant is released from detention. See Id. at 390. The docket from Plaintiff's criminal prosecution shows that he was made subject to legal process by no later than January 3, 2018, and any claim of false imprisonment would have accrued to Plaintiff at that time. More than six years elapsed from the initiation of legal process against Plaintiff in state court and the filing of this § 1983 lawsuit. Again, Plaintiff waited too long, and thus, his false-imprisonment claim is barred by the statute of limitations.

After the initiation of legal process, "unlawful detention forms part of the damages for the entirely distinct tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process." Wallace, 549 U.S. at 390 (internal quotation omitted). Here, at last, Plaintiff has brought a timely claim; the prosecution against Plaintiff did not end until April 2018, and thus Plaintiff has brought his malicious-prosecution claim within the six-year limitations window (albeit just barely). The problem now before the Court is that Plaintiff has not adequately pleaded the elements of such a claim.

To state a malicious-prosecution claim under § 1983, "[a] plaintiff must show that (1) the criminal proceeding was instituted without probable cause, (2) the defendant's motive in instituting the proceeding was malicious, and (3) the prosecution terminated in acquittal or discharge of the accused." Klein v. Steinkamp, 44 F.4th 1111, 1115 (8th Cir. 2022) (citing Thompson v. Clark, 142 S. Ct. 1332, 1337 (2022).[3] The first and third elements are plead in the operative pleading here, but the second is not. Plaintiff does not plausibly allege that any named defendant initiated legal proceedings against him for malicious purposes. Indeed, no motive of any

---

[3] For many years, it was the rule in the Eighth Circuit that "malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." Kurtz v. Shrewsbury, 245 F.3d 753, 758 (8th Cir. 2001) (citing Gunderson v. Schlueter, 904 F.2d 407, 409 (8th Cir. 1990)). This is no longer an accurate statement of the law following Thompson, as the Eighth Circuit itself recognized in Klein.

5

kind is alleged by Plaintiff. Not every unsuccessful prosecution is a malicious prosecution. Plaintiff has alleged the former, but not the latter.

Accordingly, it is recommended that this action be dismissed in its entirety pursuant to § 1915A. Plaintiff's claims, if dismissed, would not be amenable to repleading because the unreasonable-search and false-imprisonment claims were already untimely when this lawsuit was initially filed, and the malicious-prosecution claim would now be untimely if raised again. So, it is recommended that this action be dismissed with prejudice.

Plaintiff is obligated to pay the unpaid balance of the statutory filing fee. See 28 U.S.C. § 1915(b). Officials at the prison where Plaintiff is detained are hereby apprised of the Plaintiff's financial obligation and of their obligation to remit funds from the Plaintiff's prison account to the Court as those funds subsequently become available to Plaintiff, consistent with § 1915(b)(2).

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A;

2. Plaintiff's application to proceed in forma pauperis, [Docket No. 2], be **DENIED as moot** based on the recommendation of the summary dismissal of this lawsuit; and

3. Plaintiff be required to pay the unpaid balance ($331.05) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court be directed to provide notice of this requirement to the authorities at the institution where Plaintiff is confined.

Dated: May 3, 2024                                s/Leo I. Brisbois
                                                  Hon. Leo I. Brisbois
                                                  United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).